DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NADEGE DORE,**
Appellant,

v.

**GUENSON JEAN BAPTISTE,**
Appellee.

No. 4D2025-1635

[May 20, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Marjorie Miller, Judge; L.T. Case No. 502022DR002385XXXXMB.

Richard James Boyle of Richard J. Boyle, Esq., LLC. d.b.a. The Boyle Law Firm, Wellington, for appellant.

No appearance for appellee.

SHEPHERD, J.

Nadege Dore ("the mother") appeals a final judgment of paternity and subsequent amended final judgments addressing timesharing, child support, and related relief. We affirm in part and reverse in part.

**Facts**

This case arises from a paternity dispute involving the parties' two minor children. The father initiated the action by filing a petition for paternity in March 2022. The mother's response included a counterpetition. The proceedings included multiple motions, amended pleadings, and discovery disputes before the matter proceeded to a final hearing.

At the March 2025 final hearing, the father failed to appear, although his counsel was present. The trial court dismissed the father's petition and proceeded on the mother's counterpetition. The evidence established that the mother had been the children's primary caregiver for several years

and that the father had not exercised overnight timesharing in more than two years.

The mother testified that she works approximately twenty hours per week due to her childcare responsibilities for her five minor children and earns approximately $1,530 per month. The father's financial affidavit reflected a monthly income of $2,720, which was not disputed.

The trial court entered a final judgment awarding shared parental responsibility—with the mother having ultimate decision-making authority—and establishing a timesharing schedule. The trial court also imputed additional income to the mother based on full-time minimum wage employment, and calculated child support accordingly.

Following rehearing, the trial court entered amended and second amended final judgments recalculating retroactive child support, but leaving the income imputation and timesharing determinations intact. This appeal followed.

**Discussion**

We write to address the trial court's imputation of income and resulting calculation of retroactive child support.

I.  Imputation of Income

Section 61.30(2)(b), Florida Statutes (2025), permits a trial court to impute income only where the parent is voluntarily unemployed or underemployed and where competent, substantial evidence establishes the parent's probable earnings. *See Schram v. Schram*, 932 So. 2d 245, 249 (Fla. 4th DCA 2005); *Guard v. Guard*, 993 So. 2d 1086, 1089 (Fla. 5th DCA 2008). The trial court must also make specific findings regarding the imputed income's source and amount. *Chamberlain v. Eisinger*, 159 So. 3d 185, 192 (Fla. 4th DCA 2015).

Section 61.30(2)(b) expressly recognizes that a parent's childcare responsibilities may justify limited employment and render imputation inappropriate. Florida courts likewise recognize that the absence of reasonable childcare alternatives may preclude a finding of voluntary underemployment. *Guard*, 993 So. 2d at 1091 n.1 (finding that the wife's current inability to work given her lack of transportation and childcare was a valid reason not to impute income); *Allison v. Allison*, 363 So. 3d 1129, 1134–35 (Fla. 2d DCA 2023) (reversing imputation of income where the evidence did not support a finding of voluntary underemployment

2

because the mother, as the children's primary caregiver, had no reasonable childcare alternatives).

Here, the mother testified that she works part-time due to her childcare responsibilities for her five minor children, and lacks reasonable childcare alternatives. Her testimony was not contradicted. The trial court nevertheless imputed full-time minimum wage income based solely on the absence of evidence that she was physically or mentally unable to work full time.

That finding is insufficient. A parent's capacity for full-time employment, standing alone, does not establish voluntary underemployment. *Schram*, 932 So. 2d at 249. Rather, the court must consider whether the parent's reduced work schedule is voluntary in light of caregiving responsibilities and must make findings supported by competent, substantial evidence. *Id.*

Because the trial court failed to address the mother's childcare obligations and failed to identify competent, substantial evidence supporting the imputed income or her probable earnings, the imputation was error. *See Chamberlain*, 159 So. 3d at 192.

II.    Retroactive Child Support

The retroactive child support award must also be reversed because it was calculated using improperly imputed income and a guideline worksheet that cannot be reconciled with the court's findings or the record evidence.

A trial court has discretion to award retroactive child support for up to twenty-four months preceding the filing of the petition. § 61.30(17), Fla. Stat. (2025). That discretion, however, is not unfettered. The retroactive support must be determined in accordance with the child support guidelines and must be based on the parties' actual incomes or properly supported imputed income, as well as the timesharing exercised during the relevant period. *Williams v. Gonzalez*, 294 So. 3d 941, 945 (Fla. 4th DCA 2020); *Henry v. Henry*, 191 So. 3d 995, 998 (Fla. 4th DCA 2016). Accordingly, retroactive support must be supported by competent, substantial evidence and must be capable of reconciliation with both the income findings and the guideline worksheet contained in the judgment. *Henry*, 191 So. 3d at 998.

Here, the trial court's retroactive support calculation cannot stand for two independent but related reasons.

First, the award is premised on improperly imputed income. As discussed above, the trial court erred in imputing full-time minimum wage income to the mother without making the required findings or identifying competent, substantial evidence of voluntary underemployment or probable earnings. Because the child support guidelines must be calculated using either actual income or properly supported imputed income, the use of an improper income computation necessarily renders the resulting support calculation erroneous. *See Henry*, 191 So. 3d at 998.

Second, the guideline worksheet cannot be reconciled with the trial court's findings regarding timesharing during the relevant period. The trial court expressly found that the father had not exercised overnight timesharing for more than two years. The mother likewise testified that the father had not exercised overnight timesharing since before 2022, and had not paid any child support since the children's birth. Yet the resulting guideline calculation does not reflect a zero-overnight timesharing arrangement. Instead, the guideline calculation necessarily attributes some level of overnight timesharing to the father, thereby reducing his support obligation in a manner that cannot be reconciled with the trial court's express findings. Where a retroactive support award must be based on the parties' incomes and the actual timesharing exercised during the relevant period, a calculation that conflicts with those findings is not supported by competent, substantial evidence. Accordingly, reversal is required. *See Lucombe v. Lucombe*, 412 So. 3d 197, 199 (Fla. 5th DCA 2025); *Henry*, 191 So. 3d at 998.

Because the retroactive child support award is based on improper income computation and a guideline calculation that cannot be reconciled with the record or the trial court's findings, the award must be reversed and remanded for recalculation consistent with section 61.30 and the competent, substantial evidence in the record.

III.    Remaining Issues

We affirm without further discussion the trial court's rulings regarding timesharing and the denial of attorney's fees and sanctions.

**Conclusion**

We affirm the final judgment in part, reverse the imputation of income and the retroactive child support award, and remand for further proceedings consistent with this opinion.

4

*Affirmed in part, reversed in part, and remanded.*

LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**